Mr. Levine. Good morning. Please the court. My name is Jeff Levine. I represent Jimmy Wright. A little background. Mr. Wright had a miserable childhood. His parents were drug addicts. He was a smart kid. He almost got out of the neighborhood, but he was about to join the army and his mother begged him not to join to take care of her younger children and he stayed in the neighborhood and he became a drug addict. He became a street hustler. The ATF used an informant, his relative, and pay for guns they did. Mr. Wright was able to supply guns repeatedly and on tape he was able to do this. Repeatedly on tape he said I'm not I don't do this. Counsel, I think you need to address the prosecutor's argument that everything you're contending has been waived. It's our position that was not waived. It was raised by the defendant. We filed briefs on these specific arguments. These arguments were rejected. So your appellate argument is that the district judge didn't discuss them enough. District judge asked counsel whether she had addressed their arguments adequately and the answer from the defense was yes. Now we've said that that waives the argument that the district judge had not addressed arguments adequately. Is there any response to that? She addressed them but she didn't consider them. She looked at the arguments. Then you should have said no when the judge asked that question. What's a sensitive issue before my client is... You may think that but this court has held that if the district judge asks that question and the answer is yes then the argument that the judge did not adequately consider particular contentions has been waived. Now you want us to overrule those cases. Your brief does not ask for that. We're not going to ignore them. That's not an option. The court has to understand the position a sentencing attorney of sentencing is in. If the judge, the district judge, is about to pronounce sentence on... All right, so you apparently don't agree with those cases. They're not going to go away. They are binding on each panel unless they are overruled and yet you don't ask for them to be overruled. This is, well, peculiar. It would require me to antagonize the district court judge prior to pronouncement of sentence. So you disagree with our cases. That's a very common position for lawyers to be in. But you can't ask us to ignore them. We won't ignore them. We will either follow them or overrule them and the fact that a particular lawyer doesn't agree with them is neither here nor there. It's my position that the district judge didn't adequately consider the arguments made at the court. The court has to understand the position an attorney is in prior to sentencing. Counsel, you understand at least two of the judges on this court sentenced defendants for a long time in district court. We know what you face. But you've got to do it. I understand, Your Honor, to antagonize... Defense lawyers have to understand that they operate under the controlling precedent of this court. And if defense lawyers don't understand that, they're up the Again, my position is clear in my briefs. I think we were entitled to consideration of the mitigation arguments before the district court judge. Thank you. Thank you, counsel. Mr. Fullerton, I don't think your argument need be long. No, Your Honor. May it please the court, good morning. You can talk the court out of it if you want to. Do you think we ought to change the law? No, I think you ought to follow the law and find that there was a waiver here. We had a fundamental agreement, apparently. The district court adequately considered the arguments in mitigation. The defendant agreed with that. And in any event, beyond the waiver, the merits of the waiver rule on the arguments in mitigation. The defendant may not agree with, did not agree with the result the district court arrived at, but the court provided enough explanation so that this court, anybody who was in the courtroom at the time, could understand the reasons for the district court's rejection of those arguments in mitigation. That was all that it was required to do. We ask that this court accept the appointment. Thank you, counsel. Mr. O'Vine, I don't think there's anything for you to respond to. We do appreciate your willingness to accept the appointment. The case is taken under